# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32558**

———————————

**UNITED STATES**
*Appellee*

v.

**Mark B.J. MCLEOD JR.**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 April 2020

———————————

*Military Judge:* Andrew R. Norton.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, reduction to E-1, and a reprimand. Sentence adjudged 30 October 2018 by SpCM convened at Keesler Air Force Base, Mississippi.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee*: Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS and D. JOHNSON, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c).

*Manual for Courts-Martial, United States* (2016 ed.).* Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

* In his clemency letter on behalf of Appellant, trial defense counsel requested three times that the convening authority disapprove the bad-conduct discharge. The addendum to the staff judge advocate's recommendation (SJAR) did not address the defense counsel's misstatement of the law regarding the convening authority's power to disapprove the bad-conduct discharge. *See United States v. Zegarrundo*, 77 M.J. 612 (A.F. Ct. Crim. App. 2018), *rev. denied*, 79 M.J. 279 (C.A.A.F. 2019). We note the SJAR itself correctly stated that the convening authority had no power to disapprove the "punitive discharge." *See* Article 60(c)(2)(A), (c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(3)(B), (c)(4)(A). We find no colorable showing of possible prejudice from trial defense counsel's misstatement of the law as it incorrectly informed the convening authority she had more, rather than less, discretion than she actually had. *See United States v. Lamica*, No. ACM 39423, 2019 CCA LEXIS 257, at *16 n.4 (A.F. Ct. Crim. App. 14 Jun. 2019) (unpub. op.), *rev. denied*, 79 M.J. 290 (C.A.A.F. 2019); *United States v. Ten Eyck*, No. ACM 39188, 2018 CCA Lexis 193, *6–8 (A.F. Ct. Crim. App. 17 Apr. 2018) (unpub. op.), *rev. denied*, 78 M.J. 56 (C.A.A.F. 2018).